JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 — (Website: www.akb.uscourts.gov)
Clerk's Office: 907-271-2655 (1-800-859-8059 In-State) — Judge's Fax: 907-271-2692

**Filed On
10/10/08**

In re

DARRYL F. JORDAN,

Debtor(s)

Case No. A04-00225-HAR
In Chapter 7

**MEMORANDUM REGARDING
INTENTION TO REDUCE ATTORNEY
FEES**

After reviewing the application by John Siemers for attorney fees,[1] I believe they are excessive, and propose to reduce them by $5,000.00 (on top of a voluntary reduction of $4,090.29 given by Mr. Siemers). I will give Mr. Siemers an opportunity to respond to the proposed reduction and be heard on his response.

Most of the fees were incurred in an adversary with Darryl Jordan, his wife, and two children to assert an interest in a family residence.[2] The property was acquired 9-10 years before the bankruptcy in the name of the wife and children, but not the debtor. Nonetheless, the debtor lived there, made payments on the deed of trust note, and sometimes did things or made statements as if he was a co-owner.

A majority of the fees were incurred in preparing the summary judgment motion filed by the trustee to establish the equitable interest of the debtor, and the opposition to the cross-motion for summary judgment by the Jordans.

---

[1] Docket No. 61, seeking $28,698.00 in fees and $392.29 in costs, for a total of $29,090.29, less a discount of $4,090.29 given by Mr. Siemers, for a net request of $25,000.00. Fees were calculated at $200.00 per hour.

[2] Adv. No. A06-90010-HAR.

      The court has an independent duty to review attorney fees, even without an objection.[3] In this case, debtor spent about 96.9 hours preparing the trustee's motion and responding to the Jordans' opposition. The attached table excerpts summary judgment work from the trustee's bill.

      I have reviewed the summary judgment pleadings in the adversary and find that the issues were somewhat fact intense, but the legal issues were not unusually complex with respect to the trustee's position that debtor had an equitable interest in the residence. What strikes me is that over twelve full 8-hour days of time is charged on the summary judgment task. An estimate of five full 8-hour days (40 hours), or generously adding another day ( 48-hours) seems more reasonable. Especially when the trustee was shooting for only about a $72,000 recovery if he had prevailed.

      The attached chart shows that if 48-hours at $200.00 per hour is used for the amount found reasonable for attorney fees for this portion of the work, or **$9,600.00**, a further reduction of **$5,669.71** results. The court has rounded this down to only a **$5,000.00** reduction to error on Mr. Siemer's side.

      If Mr. Siemers accepts the reduction, the amount allowed for attorney fees and costs would be **$20,000.00** and not $25,000.00. If he does not contest this result, the trustee can lodge an amended order for distribution. He shall be granted until **Tuesday, October 21, 2008** to file a response and request a hearing, if he desires one.

---

[3] In re Martech U.S.A., Inc., 6 ABR 29, 32 [fn 7] (Bankr D AK 1998).

DATED: October 10, 2008

/s/ Herb Ross
HERB ROSS
U.S. Bankruptcy Judge

Serve:
John Siemers, Esq.
Kenneth Battley, Trustee
US Trustee
Case Manager
Cheryl Rapp, Deputy Clerk

D6940

10/10/08

MEMORANDUM REGARDING INTENTION
TO REDUCE ATTORNEY FEES